UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION :
OF THE UNITED STATES OF AMERICA :
FOR AN ORDER AUTHORIZING THE :
MONITORING OF GEOLOCATION :
INFORMATION AND CELL SITE DATA FOR : (Under Seal)
SPRINT NEXTEL CELL PHONE NUMBER :
(301) 237-8759, ESN: 268435458908006585 :

APPLICATION FOR AN ORDER AUTHORIZING
THE MONITORING OF THE GEOLOCATION FEATURE
AND CELL SITE DATA FOR CELLULAR TELEPHONE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, 18 United States Code, Section 2703(c)(1)(A), and former Chief Judge Hogan's Memorandum Opinion in In the Matter of the Application of the United States of America for an Order Authorizing the Monitoring of Geolocation and Cell Site Data for a Sprint Spectrum Cell Phone, 2006 WL 6217584 at 4 (D.D.C. 2006) (Hogan, C.J.) ("Hogan Opinion"), respectfully moves this Court for an Order directing Sprint Nextel (the "service provider"), for a period of thirty (30) days, to provide agents of the Federal Bureau of Investigation ("FBI") with information to ascertain the physical location of the cellular telephone assigned telephone number **(301) 237-8759 and ESN: 268435458908006585** ("target telephone"), including but not limited to the geolocation feature of the target phone or other precise location information indicating the specific latitude and longitude

of the target phone (the "Requested Location Information"[1]), in an investigation of violations of 21 U.S.C. Sections 841 and 846 (the "Target Offenses").

The United States further requests that this Application, accompanying Affidavit, and the Court's Order, be placed under seal until further order of the Court, and that the service provider and its employees be directed not to disclose the existence of this Order until directed to the contrary.

## Points and Authorities

### A. Use of the Geolocation Feature

In 2003, in an effort to generate location information more precise than "cell site" data to meet the needs of emergency responders attempting to locate a distressed wireless caller, the Federal Communications Commission ("FCC") promulgated what is known as "E-911 Phase II" regulations. See 47 C.F.R. § 20.18(h)(1)(I), (ii). The E-911 Phase II regulations imposed stringent location precision requirements; some opted to use Global Positioning System ("GPS") technology in new customer handsets, while others opted for "multilateration" methods (often referred to informally as "triangulation"), relying on signal measurements made from multiple towers. Unlike cell site information, which provides only the location of the physical network infrastructure (*i.e.*, the cell tower) in the vicinity of the phone (see *infra* Part B), E-911 Phase II information indicates the location of the phone itself. Depending on the type of technology selected, the FCC regulations generally require E-911 location information to be precise within 50 to 300 meters. E-911 Phase II

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the target phone at the start and end of any call. In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause. See In re Application, 460 F.Supp.2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell site records under combined authority of 18 U.S.C. 2703(d) & 3121, *et seq.*).

2

information may at times exceed the FCC requirements and provide location information precise to under 50 meters. See, e.g., United States v. Ortega-Estrada, 2008 WL 4716949 at *13 (N.D. Ga. Oct. 22, 2008) (phone GPS data accurate to 32 meters); United States v. Louisuis, 2006 WL 2193820 at *6 (M.D. Fla. 2006) (phone GPS data accurate to 40 meters). As noted in the Hogan Opinion, such geolocation information may also be provided when the government makes a specific request to the service provider at a particular time. Hogan Opinion at *2.

The use of the geolocation feature, regardless of where the telephone is located, may well touch on no protected Fourth Amendment interests because the user of the telephone voluntarily provides this information to a third party. However, in an abundance of caution, the United States is making this application on a showing of probable cause pursuant to Rule 41 of the Federal Rules of Criminal Procedure.

**B.     Cell Site Data**

The target telephone also generates cell site data when in use. This information, while not providing the precise location of the telephone in the manner of the geolocation feature, is also of significant investigative value. The United States believes that cell site data which discloses only which cell tower is being used by a cell telephone may be obtained pursuant to an order under 18 U.S.C. § 3121 et seq. and 18 U.S.C.§ 2703. See In Re Application of the United States, 405 F.Supp.2d 435, 449 (S.D.N.Y 2005); In the Matter of the Application of the United States for an Order, 411 F.Supp.2d 678, 682 (W.D.La. 2006).[2]

---

[2]     But see In the Matter of the Application of the United States for an Order Authorizing the Installation and Use of a Pen Register Device, Trap and Trace Device, and for Geographic Location Information, 497 F.Supp.2d 301, 303-12 (D. Puerto Rico 2007) (denying without prejudice government applications for limited geographic and cell site information upon a showing of less than probable cause; collecting authority for and against proposition that

In the Hogan Opinion, the Court held that "the location of a cell phone, and thus the suspect's location, may qualify as 'evidence of a crime.'" Hogan Opinon at 4 n.6. With respect to narcotics cases in particular, "the location of a suspect known to be purchasing narcotics, or of one known to be guarding and selling a large quantity of narcotics, is likely to reveal the location of the drug stash house." Id. As discussed more fully in the accompanying affidavit, which is incorporated herein by reference, the Requested Location Information – cell site and geolocation data from the target phone – will provide evidence of activity of crime, specifically, conspiracy to distribute and possess with the intent to distribute narcotics, in violation of 21 U.S.C. §§ 841 and 846. Such evidence includes: the location and identity of the suspect; the location and identity of co-conspirators; and the location of drug stashes.

### C. Implementation by the Service Providers

As this Order will be implemented by the service provider, the government requests that the thirty (30) day period of authorization run from the time the service provider begins to implement the Order. The government further requests that the service provider be authorized to implement the Order whenever it is practical for the provider, day or night.

### D. Filing Under Seal and Notice

We ask that this Application, accompanying Affidavit, and the Court's Order, be placed under seal, inasmuch as this request is part of an ongoing covert investigation, and disclosure of these documents would not only render the government's request moot, it would also endanger the

---

probable cause showing pursuant Fed. R. Crim. P. 41 is required for such information). However, the issue present in that case is not raised by this application, as the attached affidavit establishes probable cause that this information will lead to evidence of the Target Offenses.

other ongoing aspects of this investigation. Accordingly, these facts present an extraordinary situation and a compelling governmental interest that justify sealing of this Application, the accompanying Affidavit, and Order.

For the same reasons set forth in the preceding paragraph, the facts of this case and the nature of the investigation justify a delay of the period in which notice is given of the acquisition of the cell site and geolocation data. Specifically, for the reasons set forth above, notification to the user of the target telephone of the collection of the Requested Location Information may have an "adverse result" as defined in 18 U.S.C. § 2705(a)(2)(A)-(E). Accordingly, pursuant to 18 U.S.C. § 3103a(b)(1), (2), and (3), and Federal Rule of Criminal Procedure 41(f)(3), it is requested that the Court find reasonable cause to believe that providing immediate notification of the collection of the Requested Location Information may have an adverse result, and that the Court authorize notice of the Requested Location Information be delayed for a period of thirty (30) days after the termination of the collection of the data authorized by the Order.[3]

---

[3] With respect to the Section 3103a(b)(2), the United States submits that this particular provision is not applicable to the instant Application, which seeks authority to collect, in real time, data from the service provider. That is, the instant application does not seek a warrant for the seizure of any tangible property, wire or electronic communication, or stored wire or electronic information. The United States submits that subsection (b)(2) is geared toward what traditionally is referred to as a "sneak and peak" warrant, which by its terms would prohibit the seizure of evidence during its execution absent a finding of reasonable necessity for the seizure. Even if applicable, however, for the reasons set forth above and in the attached affidavit, there is probable cause to believe that the collection of the Requested Location Information will facilitate law enforcement efforts to locate, identify, observe, and eventually arrest the user of the target telephone, and these circumstances constitute a "reasonable necessity" for the seizure under subsection (b)(2).

**WHEREFORE,** we request that this Court direct **Sprint Nextel** to provide FBI agents with the Requested Location Information for a period of thirty (30) days from the date of implementation of this Order by the service provider.

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
Bar. No. 447-889

By:  OPHER SHWEIKI     10·1·10
Assistant United States Attorney
Bar No. 458-776
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-8822
Opher.Shweiki@usdoj.gov